IN the INTEREST OF ROBERT D., A Person Under the Age
of 18:

BURNETT COUNTY DEPARTMENT OF SOCIAL SERVICES, Peti-
tioner-Respondent,

v.

KIMBERLY M.W., Respondent-Appellant.

Court of Appeals

*No. 93–2372. Submitted on briefs December 29,
1993.—Decided January 11, 1994.*

(Also reported in 512 N.W.2d 227.)

For the respondent-appellant the cause was sub-
mitted on the brief of *Richard J. Auerbach* of *Auerbach
& Porter* of Madison.

For the petitioner-respondent the cause was sub-
mitted on the brief of *Kenneth L. Kutz* of Siren.

A brief was submitted for Robert D. by his guardian ad litem, *George W. Benson* of Siren.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

MYSE, J. Kimberly M.W. appeals a trial court order terminating her parental rights (TPR) to Robert D. and an order denying her motion to vacate the TPR order. Kimberly contends that the trial court's failure to advise her of her right to request a substitution of judge requires reversal of the TPR order.[2] Kimberly argues that *In re M.A.M.*, 116 Wis. 2d 432, 342 N.W.2d 410 (1984), requires reversal of the TPR order because the court did not advise her of her right as it is required to do under § 48.422, STATS. Kimberly also contends that the trial court erred by concluding that she was not entitled to assert attorney-client privilege at the hearing on her motion to vacate the TPR order. Kimberly argues that because she was not challenging her trial counsel's performance as ineffective, the court was precluded from requiring trial counsel to testify about his discussions with Kimberly concerning her rights to a substitution of judge and a continuance to consult with counsel. Because we conclude that Kimberly failed to allege prejudice, the orders are affirmed. Because this issue is dispositive of this

---

[1] This is a three-judge decision pursuant to the Chief Judge's January 7, 1994 order.

[2] Kimberly also argues that the court's failure to advise her of her right to a continuance to consult with counsel concerning her substitution right requires reversal. Because Kimberly failed to raise this issue before the trial court, it is not properly preserved for appeal and this court does not address it. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443-44, 287 N.W.2d 140, 145-46 (1980).

appeal, we need not address the issue concerning attorney-client privilege.

The relevant facts are as follows: In December 1992, the Burnett County Department of Social Services petitioned to involuntarily terminate Kimberly's parental rights to Robert, who had previously been the subject of CHIPS proceedings before the same judge. Kimberly appeared at the initial hearing in January 1993 with her attorney and requested a jury trial. Kimberly subsequently waived her right to a jury, and trial to the court was set for February 1993. Shortly after the initial hearing, Kimberly was appointed different counsel due to a conflict within the public defender's office. The trial court did not advise Kimberly at the initial hearing or any other time prior to the trial of her right under § 48.422, STATS., to request a substitution of judge. Following a trial to the court, the court ordered Kimberly's parental rights to Robert involuntarily terminated.

Kimberly subsequently moved the court to vacate its TPR order, because "the record fails to show that she was advised either by counsel or the court of her right to request a substitution of judge" under § 48.422(1) and (5), STATS., at the initial hearing. At the hearing on Kimberly's motion, the County called attorney Howard Cameron, who was Kimberly's counsel at the initial hearing. Kimberly invoked the attorney-client privilege. The trial court, however, determined that because her motion also asserted that her counsel had failed to advise her of her statutory rights under § 48.422, Kimberly was also essentially alleging ineffective assistance of counsel, thereby waiving the attorney-client privilege. Under protest, Cameron testified that he had discussed with Kimberly her right to request a substitution of judge prior to the initial hear-

ing. Cameron further testified that, after he reminded Kimberly that the judge had presided over Kimberly's previous TPR that resulted in a denial of the TPR petition, Kimberly acquiesced in Cameron's recommendation not to request a substitution of judge. On cross-examination, Cameron conceded that nothing in his file indicated that he had the conversation with Kimberly, but also stated that he normally does not make notations in the file whether such a discussion occurred. Cameron could not recall discussing with Kimberly the fact that the judge had presided in the underlying CHIPS proceeding involving Robert.

Following the hearing, the court found that Cameron had advised Kimberly of her right to request a substitution of judge and that Kimberly made a knowing, reasoned decision not to request substitution. The court thus concluded that Kimberly was not prejudiced by the court's failure to advise her of her right to request a substitution of judge and denied her motion to vacate the TPR order.

Relying on *In re M.A.M.*, Kimberly contends that the trial court's failure to advise her at the initial hearing of her right under § 48.422(5), STATS., to request a substitution of judge requires reversal, regardless of whether her attorney had advised her of that right. In *M.A.M.*, the parents claimed that their rights under § 48.422(5) were violated because the trial court failed to determine that the parents, who appeared without counsel, knowingly and voluntarily waived their right to representation by counsel as required by § 48.23(2)(b). Our supreme court agreed and reversed the TPR order. *In re M.A.M.*, 116 Wis. 2d at 439, 342 N.W.2d at 413-14. Our supreme court ruled that, before a trial court may determine that a parent knowingly and voluntarily waived the right to

representation by counsel the court must inform the parent of "the specific nature of a party's inquiries which may be directed to counsel, *i.e.*, trial by jury and substitution of judge . . . . [W]hether represented or not, a party must be told of the right to trial by jury and the right to a substitution of judge." *Id.* at 440, 342 N.W.2d at 414 (emphasis in original).

> The statutory direction is unequivocal: A parent has the right to representation in court unless there is a waiver; and, in any case, the trial court has the duty to make a full explication of the statutory rights—the right to representation, the right to a continuance, the right to request a jury trial, and the right to request a substitution of judge.

*Id.* at 441, 342 N.W.2d at 415.

The court, however, did not hold that a trial court's failure to advise the parents requires reversal regardless of whether the parents were prejudiced by that failure. Rather, our supreme court went on to state that because "[i]t is clear from the record that the parents knew they had the right to be represented[,] [t]here was no need [for the trial court] to give that advice . . . ." *Id.* at 439, 342 N.W.2d at 413. We interpret this language to mean that, if the parents know they have the right to be represented, the court's failure to advise them of this right is not reversible error absent prejudice to the parents. In *M.A.M.*, our supreme court found that prejudice existed because the trial court failed to determine whether the parents had knowingly and voluntarily waived their known right to representation. The court further stated, "We believe the ancillary rights—the right to request a jury trial and the right to substitution of a judge—would in the instant case have fallen into their proper place had the

trial judge made the correct determination in respect to representation in court by counsel." *Id.* at 439, 342 N.W.2d at 414. This language supports our conclusion that *M.A.M.* holds that a court's failure to advise the parents of their rights as required by § 48.422, STATS., is not reversible error absent prejudice to the parents.

Our supreme court noted that §§ 48.23(2)(b) and 48.422, STATS., address the concerns that "the power of the state to terminate the parental relationship is an awesome one, which can only be exercised under proved facts and procedures which assure that the power is justly exercised . . . [and] that the parental rights will not be terminated precipitously, arbitrarily, or capriciously" without regard to the parents' rights. *Id.* at 436-37, 342 N.W.2d at 412. These concerns and the duties imposed upon the trial court under §§ 48.23(2)(b) and 48.422 are similar to those concerns expressed and duties imposed under § 971.08, STATS., and *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986). We therefore conclude that a *Bangert* analysis to determine whether the trial court committed reversible error is appropriate here.

The court's analysis in *Bangert*, 131 Wis. 2d at 274, 389 N.W.2d at 26, requires a defendant to make a prima facie showing that the court violated its mandatory statutory duties and allege that he or she in fact did not know or understand the information that the court was statutorily required to provide. Only then does the burden shift to the state to show that the defendant knowingly and voluntarily waived his or her rights. *Id.* Thus, Kimberly must make a prima facie showing that the trial court failed to advise her of her rights as required by § 48.422, STATS., and allege that she in fact did not know of or understand these rights. Kimberly, however, does not allege that she in fact did

not know of or understand her right to request a substitution of judge. Kimberly only argues that the trial court failed to advise her of these rights. We therefore conclude that Kimberly failed to meet her initial burden of alleging that she in fact did not know of or understand her right to request a substitution of judge. Because Kimberly failed to allege prejudice, the trial court properly denied Kimberly's motion to vacate the TPR order. Because this issue is dispositive of the appeal, we affirm the orders without addressing the other issues Kimberly raises. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983).

*By the Court.*—Orders affirmed.