IN the INTEREST OF KYWANDA F., A Person Under the Age of 18:
STATE of Wisconsin, Petitioner-Respondent-Petitioner,

v.

KYWANDA F., Respondent-Appellant.†

Supreme Court

No. 94–1866–FT. *Oral argument October 31, 1995.—Decided April 10, 1996.*

(Also reported in 546 N.W.2d 440.)

†Motion for reconsideration denied June 11, 1996.

26

28

For the petitioner-respondent-petitioner the cause was argued by *Gregory Posner-Weber*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the respondent-appellant there was a brief and oral argument by *William E. Schmaal*, assistant state public defender.

ANN WALSH BRADLEY, J.  The State seeks review of a decision of the court of appeals[1] reversing both a dispositional order and a post-dispositional order of the Rock County Circuit Court, James E. Welker, Judge. The primary issue before this court is whether the circuit court lost competency to accept Kywanda's admission when it failed to inform her of the statutory right to judicial substitution. We conclude that a court's failure to inform a juvenile of the right to judicial substitution does not affect its competency and warrants reversal only if the juvenile suffers actual prejudice. Because the factual record in this case is insufficient for this court to determine whether Kywanda suffered prejudice, we reverse the court of appeals and remand to the circuit court to hold an evidentiary hearing within the framework of *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986). We also remand for the circuit court to hear evidence and make a determination as to whether Kywanda's plea was knowingly, intelligently, and voluntarily entered applying the *Bangert* analysis.

---

[1] *State v. Kywanda F.*, No. 94–1866–FT, unpublished slip op. (Wis. Ct. App. Dec. 15, 1994).

The facts for purposes of this appeal are undisputed. The State filed a delinquency petition alleging that Kywanda carried a concealed weapon contrary to Wis. Stat. § 941.23 (1993-94)[2] and engaged in disorderly conduct while armed contrary to Wis. Stat. §§ 947.01 and 939.63(1)(a). Kywanda initially denied the allegations in the petition, but later entered an admission to the concealed weapon allegation pursuant to a plea agreement.

Prior to accepting her admission, the juvenile court engaged in a brief colloquy with Kywanda, advising her of the elements of the offense and informing her that by her admission she was giving up her right to a trial by jury. Based on this colloquy, the court found that her admission was "freely, voluntarily, and intelligently made" and that she understood "the rights that [she] waived by the entry of this plea." After a dispositional hearing, the court ordered Kywanda's legal custody transferred to the Department of Health and Social Services for a period of one year and placed her in a secure juvenile correctional facility.

Kywanda subsequently filed a post-disposition motion to withdraw her admission. As grounds for withdrawal she alleged that her admission was not knowing and voluntary under the totality of the circumstances because the trial court failed to inform her of her rights under Wis. Stat. § 48.243,[3] her right to

---

[2] All future statutory references are to the 1993-94 volume unless otherwise indicated.

[3] According to Wis. Stat. § 48.30, at the commencement of the plea hearing the child must be advised of his or her rights as specified in § 48.243, which include:

(c)   The right to remain silent . . .

(d)   The right to confront and cross-examine those appearing against them;

30

judicial substitution pursuant to Wis. Stat. § 48.30(2),[4] and the possible dispositional consequences of her plea pursuant to Wis. Stat. § 48.30(8)(a).[5]

The circuit court then held a hearing on the motion. Neither Kywanda nor the State presented witnesses in support of their positions. After hearing arguments from both sides, the court denied the motion, finding that Kywanda was aware of the potential disposition resulting from her plea. However, it made no specific finding whether Kywanda knew of her rights under Wis. Stat. § 48.243 or the right to substitution.

The court of appeals reversed both the circuit court's dispositional order and the post-dispositional

(e)   The right to counsel;
(f)   The right to present and subpoena witnesses;
(g)   The right to jury trial; and
(h)   The right to have the allegations of the petition proved . . . beyond a reasonable doubt.

[4] Wisconsin Stat. § 48.30(2) states in relevant part:

At the commencement of the hearing under this section the child . . . shall be informed that a request for a jury trial or for a substitution of judge under s. 48.29 must be made before the end of the plea hearing or be waived . . . .

Wis. Stat. § 48.29 states in relevant part:

[T]he child . . . either before or during the plea hearing, may file a written request with the clerk of the court or other person acting as the clerk for a substitution of the judge assigned to the proceeding . . . .

[5] Wisconsin Stat. § 48.30(8)(a) states:

[B]efore accepting an admission or plea of no contest of the alleged facts in a petition or citation, the court shall:

(a)   Address the parties present including the child personally and determine that the plea or admission is made voluntarily with understanding of the nature of the acts alleged in the petition or citation *and the potential dispositions*. [Emphasis added.]

order which denied Kywanda's motion to withdraw her plea. Although not argued by either party, the court of appeals concluded that compliance with Wis. Stat. § 48.29 is jurisdictional and that the circuit court's failure to inform Kywanda of her substitution right deprived it of competence to proceed. *State v. Kywanda F.*, No. 94-1866-FT, unpublished slip op. at 2, 8 (Wis. Ct. App. Dec. 15, 1994). The court therefore deemed it unnecessary to address the question of whether Kywanda's admission was knowing, intelligent, and voluntary.[6] *Id.* at 8.

## I.

We first address the issue raised by the decision of the court of appeals of whether a circuit court loses competency to act if it fails to inform a juvenile alleged to be delinquent of her statutory right to judicial substitution pursuant to Wis. Stat. §§ 48.29(1) and 48.30(2). This presents a question of law. We therefore review this question without deference to the determi-

---

[6] Kywanda also challenged the dispositional order on the grounds that the evidence was insufficient to support the circuit court's findings that Kywanda is "a danger to the public" and "in need of restrictive custodial treatment." The State argued that these issues were moot in light of the fact that Kywanda had been discharged from restrictive custody. The court of appeals concluded that the determination of Kywanda's delinquency status was not mooted by her discharge from restrictive custody. *Kywanda, supra* note 1 at 4–5. It did not address the merits of the issue, however, because it later concluded that the circuit court lost competency to proceed by not informing Kywanda of her right to judicial substitution. *Id.* at 5–8. Kywanda has not raised this issue before this court and we therefore do not address it further.

nations of the lower courts. *See Michael J.L. v. State [In Interest of Michael J.L.]*, 174 Wis. 2d 131, 136, 496 N.W.2d 758 (Ct. App. 1993).

■

The court of appeals determined that compliance with Wis. Stat. § 48.29 is "jurisdictional." *Kywanda*, slip op. at 8. This court has previously emphasized that a circuit court has subject matter jurisdiction, conferred by our state constitution, to consider and determine any type of action. *Green County Dep't of Human Servs. v. H.N. [In Interest of B.J.N.]*, 162 Wis. 2d 635, 469 N.W.2d 845 (1991). As a result, the failure to comply with a particular statutory mandate may only prevent it from adjudicating the specific case before it. *Id.* at 656. This is more properly referred to as a court's competency to act or proceed. *Id.; Michael J.L.*, 174 Wis. 2d at 137.

■

The court of appeals treats as mandatory the language of Wis. Stat. § 48.30(2) that a juvenile "shall be advised" of the right to substitution. It concludes that the failure to comply automatically results in the loss of competency. We agree that the term "shall" is presumed to be mandatory when it appears in a statute. *Wagner v. State Medical Examining Bd.*, 181 Wis. 2d 633, 643, 511 N.W.2d 874 (1994). However, the mandatory nature of the statute does not necessarily mean that noncompliance requires the loss of competence. We interpret Wis. Stat. § 48.30(2) as requiring the court to advise the juvenile of the right to substitution but, at the same time, leaving the determination of whether the error is reversible to the courts. *See E.B. v. State [In Matter of E.B.]*, 111 Wis. 2d 175, 188, 330 N.W.2d 584 (1983).

Neither the court of appeals nor Kywanda has identified any cases, other than those interpreting statutory time limits, that have held that the failure to comply with a mandatory statutory requirement results in the court losing competency in a juvenile case. In *B.J.N.*, this court concluded that a circuit court's failure to observe certain time provisions in ch. 48 causes the circuit court to lose its competence to proceed and requires the dismissal of a delinquency petition. *B.J.N.*, 162 Wis. 2d at 657. In general, other courts have also interpreted various time limits in ch. 48 to be mandatory. *B.J.N.*, 162 Wis. 2d at 654 & n.15; *Shawn B.N. v. State [In Interest of Shawn B.N.]*, 173 Wis. 2d 343, 353, 497 N.W.2d 141 (Ct. App. 1992).

Courts holding that noncompliance with ch. 48 time limits results in the loss of the court's competency to proceed have relied on legislative history to support such a result. *See, e.g., T.H. v. LaCrosse County [In Interest of R.H.]*, 147 Wis. 2d 22, 27-31, 433 N.W.2d 16 (Ct. App. 1988), *aff'd per curiam by an equally divided court*, 150 Wis. 2d 432, 441 N.W.2d 233 (1989). The legislature in 1977 substantially revised ch. 48 to establish time limitations in order to protect a child's constitutional due process rights. *B.J.N.*, 162 Wis. 2d at 646; *R.H.*, 147 Wis. 2d at 27-31. "The legislative history of the Children's Code shows that the legislature considers that strict time limits between critical stages within the adjudication process are necessary to protect the due process rights of children and parents." *Id.* at 33. The same history also indicates that the legislature intended the time limits to be mandatory, with noncompliance resulting in the court losing competency to proceed. *Id.* at 31-35.

Kywanda argues that the circuit court's failure to inform an alleged delinquent child of the right to judi-

cial substitution is analogous to a violation of the mandatory time limits. She asserts that they both deprive the court of its competency to proceed. The court of appeals agreed, reasoning that the statutory right to substitution was intended to protect a juvenile's due process right to a fair trial by an impartial judge.

However, unlike the legislative history surrounding the time limits in ch. 48, neither Kywanda nor the court of appeals in its decision cites any legislative history to support the argument that the legislature intended that noncompliance with Wis. Stat. §§ 48.29(1) and 48.30(2) would result in the court losing competence to proceed. Our own review reveals none either. Kywanda's analogy to time limit cases fails because the loss of competency in these cases was premised on legislative history supporting such a result and no such legislative history exists here.

The court of appeals' determination that the circuit court's failure to inform Kywanda of the right to substitution mandates a loss of competence based on a violation of her due process rights also fails. A person's right to be tried by an impartial judge is part of the fundamental right to a fair trial guaranteed by the Due Process Clause of the Fifth Amendment of the United States Constitution. *State v. Hollingsworth*, 160 Wis. 2d 883, 893, 467 N.W.2d 555 (Ct. App. 1991). However, as the Supreme Court has recognized within the context of judicial recusal, "not all questions of judicial qualification . . . involve constitutional validity." *Aetna Life Ins. v. LaVoie*, 475 U.S. 813, 820 (1986), quoting *Tumey v. Ohio*, 273 U.S. 510, 523 (1927). In fact, "most matters relating to judicial disqualification do not rise

to a constitutional level." *LaVoie*, 475 U.S. at 820, quoting *FTC v. Cement Institute*, 333 U.S. 683, 702 (1948). The adoption of recusal statutes that permit disqualification for bias or prejudice is not a sufficient basis for imposing a constitutional requirement under the Due Process Clause. *LaVoie*, 475 U.S. at 820.

Like recusal statutes, the right to judicial substitution under Wis. Stat. § 48.29 is not sufficient by itself to trigger due process concerns. The legislature as a matter of policy deemed it important to give juveniles the right to judicial substitution. The Supreme Court has held that "matters of kinship, personal bias, *state policy*, remoteness of interest, would seem generally to be matters merely of legislative discretion." *LaVoie*, 475 U.S. at 820 (emphasis added), quoting *Tumey*, 273 U.S. at 523.

*LaVoie* recognized that only in the most extreme cases would disqualification based on general allegations of prejudice or bias be constitutionally required. *LaVoie*, 475 U.S. at 821. *LaVoie* also reaffirmed that the Due Process Clause may sometimes bar judges who have no actual bias in order to satisfy the "appearance of justice." *Id.* at 825, quoting *In re Murchinson*, 349 U.S. 133, 136 (1955). Here, not only has Kywanda failed to allege actual bias, she has failed to allege even an appearance of bias. Therefore, we disagree that her due process rights were violated.

■

Accordingly, we conclude that the court of appeals erred in holding that the circuit court's failure to inform Kywanda of her right to judicial substitution results in a loss of its competency to proceed. We reverse that portion of the decision and the court of appeals' reversal of the dispositional order.

36

## II.

We next address the proper remedy available when the circuit court fails to inform the juvenile of his or her right to substitution. The State argues that a circuit court's noncompliance with the requirements of Wis. Stat. § 48.30(2) should be considered harmless error unless the party establishes actual prejudice resulting from the error. We agree. In the case of the right to substitution, we conclude that actual prejudice is shown if it is established that the juvenile was not told of the right and did not know of that right. *See Burnett County Dep't of Social Services v. Kimberly M.W. [In Interest of Robert D.]*, 181 Wis. 2d 887, 891-92, 512 N.W.2d 227 (Ct. App. 1994), citing *M.W. v. Monroe County Dep't of Human Servs. [In re Termination of Parental Rights to M.A.M.]*, 116 Wis. 2d 432, 342 N.W.2d 410 (1984). Therefore, the prejudice suffered by the juvenile in such an instance is the loss of the opportunity to exercise the right to substitution due to the lack of knowledge of that right.

In *Robert D.*, the court of appeals considered a similar question involving whether a circuit court's failure to advise a biological mother of her statutory right to request a judicial substitution under Wis. Stat. § 48.422 required reversal of the termination of parental rights order. The court concluded that a circuit court's failure to advise the parents of their rights to judicial substitution does not constitute reversible error absent prejudice to the parents. *Robert D.*, 181 Wis. 2d at 890-92, citing *M.A.M.*, 116 Wis. 2d at 439.

Upon considering the issue of prejudice, the *Robert D.* court engaged in a *Bangert* analysis to determine whether the trial court committed reversible error in not informing the parents of their right to judicial sub-

37

stitution. *Robert D.*, 181 Wis. 2d at 892, citing *Bangert*, 131 Wis. 2d at 274. Similarly, we agree with the court of appeals in *Robert D.* that a *Bangert* analysis provides the appropriate framework to determine whether a circuit court commits reversible error upon failing to inform a juvenile of his or her statutory right to substitution.

■

Under a *Bangert* analysis, a juvenile must first make a prima facie showing that the court violated its mandatory statutory duties and allege that he or she in fact did not know of the information that the court was statutorily required to provide. *Robert D.*, 181 Wis. 2d at 892, citing *Bangert*, 131 Wis. 2d at 274. If the juvenile makes a prima facie showing, the burden shifts to the State to demonstrate by clear and convincing evidence that the juvenile knew of the statutory right and therefore was not prejudiced. *See Robert D.*, 181 Wis. 2d at 892. The State may then utilize any evidence to substantiate that the juvenile knew of the right. This may include evidence in the entire record and evidence outside of the record, such as examining the juvenile or the juvenile's counsel. *Bangert*, 131 Wis. 2d at 275. If the juvenile makes a prima facie case and the State fails to meet its burden to demonstrate otherwise, dismissal is required.

Applying the *Bangert* analysis to this case, we must first examine the record to determine whether Kywanda made a prima facie showing that the trial court failed to advise her of her right to substitution pursuant to Wis. Stat. §§ 48.29 and 48.30(2). Whether a defendant has made such a showing under a *Bangert* analysis is a question of law which appellate courts review without deference to lower courts. *See State v.*

*Issa*, 186 Wis. 2d 199, 205, 519 N.W.2d 741 (Ct. App. 1994).

Kywanda's counsel in his post-disposition motion for a hearing alleged that "the court failed to inform the child of her right[ ] . . . to request substitution of judge before the conclusion of the plea hearing." At the hearing, counsel did not specifically argue that the court failed to inform her of her right to substitution. However, because the State concedes on review that the record does not show that Kywanda was advised of her right to substitution, we need not further address this issue.[7]

Next, Kywanda must allege that she in fact did not know of her right to judicial substitution in order to establish a prima facie case. *Bangert*, 131 Wis. 2d at 274. These allegations were made by Kywanda's attorney in his motion for a post-disposition hearing. Kywanda did not testify at the hearing and the issue was not otherwise addressed.

The State argues that in order to make a prima facie showing, the juvenile must make more than a mere assertion that he or she did not know of the right

---

[7] We note that the State's concession was due in large part to the inadequacy of the record in this case. During oral argument to this court, the State represented that the practice in Rock County is that the court commissioner calls together all the juveniles who are scheduled to have hearings on that particular day, reads them the required portions of Wis. Stat. § 48.30, and then proceeds to take their pleas or otherwise deals with the cases on an individual basis. This initial hearing where the juveniles are apparently informed of their rights is not recorded. We strongly recommend that any court using this procedure in the future should require the recording of such proceedings to afford appellate courts the opportunity for meaningful review.

to substitution. Further, the State urges that such an allegation should be sworn to by the juvenile in the form of an affidavit. However, *Bangert* and its progeny only require that a defendant *allege* that he or she did not know of the right. *Bangert*, 131 Wis. 2d at 274. Further, while we agree with the State that it is the better practice that such allegations be sworn to by the juvenile in an affidavit, we conclude that allegations made by a juvenile's attorney in a motion sufficiently raises the factual issue of the juvenile's knowledge.

When a prima facie showing is made, as here, the burden shifts to the State to show by any evidence inside or outside of the record that Kywanda knew of her right to judicial substitution and therefore was not prejudiced. *Robert D.*, 181 Wis. 2d at 892; *Bangert*, 131 Wis. 2d at 274. Kywanda argues that the State either failed or declined to offer any evidence to rebut her allegations despite notice and a fair opportunity to contest Kywanda's claim at the post-disposition hearing. We disagree with Kywanda's characterization of that hearing.

The circuit court's "notice of hearing" gives no indication that the hearing was to proceed within the framework of a *Bangert* analysis. It is true that among the many items referenced, Kywanda made a reference to *Bangert* in her written motion in support of post-disposition relief and at the motion hearing. However, the matter failed to follow a *Bangert* analysis. Neither the State nor Kywanda presented any testimony. The circuit court made no mention that it intended to utilize a *Bangert* analysis in addressing the issues presented.

Further, the only finding made by the trial court that could be related to Kywanda's right to substitution was, "I think that she was aware of all of these rights

. . . ." The State argued in its brief that this broad statement constituted a finding as a matter of historical fact that Kywanda was aware of her right to substitution under Wis. Stat. § 48.29(1). However, in oral argument, the State conceded that such a finding has no basis in the record before this court. Because the record is devoid of any findings of fact supported by evidence regarding whether Kywanda knew of her right to substitution, this court is unable to determine whether Kywanda was prejudiced.

In sum, we reverse the court of appeals' decision holding that the circuit court lost competency when it failed to inform Kywanda of her right to substitution. We conclude that such error is reversible only upon a showing of actual prejudice and that the record is insufficient to make such a determination. Accordingly, we remand to the circuit court for an evidentiary hearing within the context of a *Bangert* analysis.

### III.

Kywanda requests that in the event that this court reverses the court of appeals on the competency issue, we should remand the case to the court of appeals so that it may consider whether she was entitled to withdraw her plea of admission. The court of appeals did not address this argument because it concluded that the competency issue was dispositive. The State counters that because Kywanda raised the issue in the court of appeals and could have done so here in a cross petition but did not, the issue should be deemed waived. The State relies on *State v. Johnson*, 153 Wis. 2d 121, 124, 449 N.W.2d 845 (1990) and Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin* § 23.5

(2d ed. 1995) in support of its waiver argument. We reject both positions.

After the parties submitted their briefs, Kywanda filed a motion to allow supplemental briefing on the plea withdrawal issue. Although we denied the motion, we did so on the grounds that the issue related only to the nature of a possible remand. Because we have already concluded that a remand to the circuit court is necessary and the plea withdrawal issue was adequately addressed during oral arguments to this court, we decline to deem it waived.

■■■■

The issue of whether a plea was knowingly, intelligently, and voluntarily entered is a question of constitutional fact. *Bangert*, 131 Wis. 2d at 283. Although we review constitutional questions independently of the lower courts' conclusions, we will not upset the circuit court's findings of evidentiary or historical facts unless they are contrary to the great weight and clear preponderance of the evidence. *Id.* at 283-84, citing *State v. Woods*, 117 Wis. 2d 701, 715, 345 N.W.2d 457 (1984).

Kywanda's motion to withdraw her plea alleged that her plea was not knowing and voluntary "under the totality of circumstances." As previously discussed, in order to make a prima facie case for plea withdrawal, a juvenile must first show that the plea was accepted without the circuit court's conformance with mandatory procedures. *Bangert*, 131 Wis. 2d at 274. Kywanda argued that the circuit court failed to advise her of her rights under Wis. Stat. § 48.243, her right to judicial substitution, and the possible dispositional consequences of her admission. In support, Kywanda's counsel referred the court to her plea hearing.

Our review of the plea hearing record indicates that the court failed to advise Kywanda of all of her rights under Wis. Stat. § 48.243 and the potential consequences of her plea. Further, as discussed above, the State conceded that the record does not show that Kywanda was advised of her right to substitution because the relevant proceedings were not recorded. Because Kywanda also alleged that she did not know of these rights or the potential consequences of her admission, we conclude that she made a prima facie showing under *Bangert*.

Although our review of the record indicates that Kywanda made a prima facie showing under *Bangert*, we also recognize that the trial court did not make such a determination. As previously discussed, the post-disposition hearing failed to follow a *Bangert* analysis. Because the hearing did not proceed within the context of a *Bangert* analysis and the factual record before us is inadequate, we cannot make a determination whether Kywanda's plea was knowing and voluntary "under the totality of the circumstances." Therefore, we also remand the plea withdrawal issue to the circuit court for its determination applying a *Bangert* analysis.

*By the Court.*—The decision of the court of appeals is reversed and cause remanded to the circuit court with directions.