STATE of Wisconsin, Plaintiff-Respondent,

v.

Donald L. TAPPA, Defendant-Appellant.

Court of Appeals

*No. 02–0247–CR. Submitted on ·briefs November 11, 2002.—*
*Decided November 26, 2002.*

2002 WI App 303

(Also reported in 655 N.W.2d 223.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kevin D. Musolf* of *Robinson Law Firm*, Appleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Warren D. Weinstein*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Donald L. Tappa was convicted of burglary and theft of a firearm, both as party to a crime. On appeal, he argues that his right to substitution of judge was violated when the trial court judge failed to disclose that he was the victim of a burglary ten years earlier. Tappa also argues that the case should be remanded for new sentencing because (1) the trial court placed excessive emphasis on the rural setting of the burglaries and Tappa's prior record to the exclusion of other factors; and (2) the sentence was excessive. We disagree and affirm the judgment and order.

## FACTS

¶ 2. On April 11, 2001, a complaint was filed charging Tappa with burglary, theft of a firearm and theft, all as party to a crime. The offenses were allegedly committed in cottages in rural Marinette County. After the preliminary hearing, the State also charged Tappa with burglary to another cottage and misdemeanor theft, again both as party to a crime. At the arraignment, Tappa pled not guilty to all charges.

¶ 3. In July 2001, after a plea bargain, Tappa pled no contest to one burglary charge and the theft of a firearm charge. The remaining charges were dismissed and read in at sentencing along with an uncharged burglary. The joint recommendation of the State and the defense was three years' probation, five months in jail with work release, restitution, costs, and truthful testimony against any co-defendant.

¶ 4. At sentencing, the State argued for the joint recommendation. The defense argued that Tappa's role in the crimes was only as a follower, that he accepted responsibility for his actions, and that he had successfully completed treatment in the past. Tappa also noted that, like himself, his co-defendants both had prior records. One was sentenced to three years in prison and the other to three years' probation and thirty days in jail. Finally, Tappa argued that all the victims except one requested probation, jail, community service, and restitution.[1]

---

[1] The court asked the defense about the one victim who requested that Tappa be put in jail. The defense stated that the presentence investigator tried to get in touch with that victim but the victim never replied. The defense therefore concluded that the victim must not have been too concerned about the situation.

¶ 5. On the burglary charge, the court sentenced Tappa to fifteen years, with eight years' initial confinement and seven years' extended supervision. On the theft of a firearm charge, the court sentenced Tappa to ten years, with five years' initial confinement and five years' extended supervision. The sentences were to run concurrently. The court also ordered restitution and costs.

¶ 6. Before filing a postconviction motion, Tappa's attorney became aware that the sentencing judge was once the victim of a burglary. Tappa's attorney contacted the attorney of one of Tappa's co-defendants to alert him to this fact. At the co-defendant's sentencing, his attorney asked the judge about it. The judge responded that he was the victim of a burglary ten years before at his deer camp of which he was a ten percent owner, but that it did not create any prejudice.

¶ 7. Tappa filed a postconviction motion alleging that his right to substitution of judge under Wis. Stat. § 971.20[2] was violated because the judge did not disclose that he had been the victim of a burglary. Tappa also alleged that the court erroneously exercised its sentencing discretion by relying too heavily on the fact that the burglaries were in a rural setting and on Tappa's prior record, to the exclusion of other contravening considerations. In addition, Tappa alleged an erroneous exercise of discretion by rendering an excessive sentence.

¶ 8. At the motion hearing, Tappa testified that he would have exercised his right to substitute the judge had he known the judge was a victim of a burglary. The judge stated that his decision was not

---

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

influenced in any way by the burglary of which he was a victim. The court also stated that the sentence was not excessive, but was in line with the presentence recommendation of six to eight years' confinement and three to five years' extended supervision. The court denied Tappa's motion, and he appeals.

## DISCUSSION

### I. Substitution of Judge

██

¶ 9. WISCONSIN STAT. § 971.20 provides for the right of a defendant in a criminal action to one substitution of judge. Tappa argues that his right to substitution of judge was violated because the trial judge failed to inform him of the fact that the judge was the victim of a burglary ten years before this case. Tappa claims he would have exercised the right to substitute had he known this fact. He therefore contends that his case should be remanded to allow him to exercise his right to substitution of judge.

██

¶ 10. This issue turns upon the interpretation and application of WIS. STAT. § 971.20. An issue of statutory interpretation presents a question of law, which we review independently. *State v. Isaac J.R.*, 220 Wis. 2d 251, 255, 582 N.W.2d 476 (Ct. App. 1998).

¶ 11. Tappa claims that if the judge had informed him of the burglary to his cabin, he would have exercised his right to substitute the judge. He argues that a defendant must be fully informed in order to exercise the right, especially when the judge is a victim of a crime that is similar to a defendant's charged crime.

¶ 12. There is no requirement in WIS. STAT. § 971.20 that a judge must inform defendants of their right to substitution of judge. Neither does the statute state that a judge must provide facts bearing on a defendant's exercise of this right. Tappa cites no case law or statutory support for his claim that a judge must disclose this sort of information.

¶ 13. There are safeguards that protect a defendant's right to an impartial judge. For example, a judge is required to recuse himself or herself if the judge cannot be impartial in a particular case. WIS. STAT. § 757.19(2)(g). Additionally, if a defendant is actually treated unfairly by a judge, the defendant can argue a due process violation. *State v. Hollingsworth*, 160 Wis. 2d 883, 894, 467 N.W.2d 555 (Ct. App. 1991). We note, however, that the right to judicial substitution is not sufficient by itself to trigger due process concerns. *State v. Kywanda F.*, 200 Wis. 2d 26, 36, 546 N.W.2d 440 (1996).

¶ 14. Tappa's argument has no logical stopping point. For example, what exactly would a judge have to disclose?[3] This could range from being a victim of an identical crime to any crime at all. Additionally, what would be the time limit? Here, the judge was a victim of a crime ten years earlier. Based on Tappa's argument, a judge may have to reveal any crime of which he or she

---

[3] Indeed, Tappa's disclosure argument is not necessarily limited to revealing crimes. A judge might have to reveal things that may only be tangentially related to a particular case, but that a defendant might use as a basis for exercising the right to substitution of judge. For example, a judge might have to inform defendants of the judge's record in accepting plea agreements.

was ever a victim, regardless how much time has passed. In Tappa's case, the judge stated that he did not even recall the burglary to his cottage until Tappa's co-defendant's attorney reminded him. Tappa's argument is impractical and unworkable.

II. Sentencing

¶ 15. Tappa argues that the trial court erroneously exercised its discretion by placing too much emphasis on the rural location of the burglaries and on Tappa's record. He also argues that the court erroneously exercised its discretion because the sentence is excessive.

¶ 16. Sentencing is vested in the trial court's discretion, and a defendant who challenges a sentence has the burden to show that it was unreasonable because it is presumed that the trial court acted reasonably. *State v. Lechner*, 217 Wis. 2d 392, 418, 576 N.W.2d 912 (1998). The primary factors considered in imposing sentence are the gravity of the offense, the character of the offender, and the need for the public's protection. *Elias v. State*, 93 Wis. 2d 278, 284, 286 N.W.2d 559 (1980). If the trial court exercises its discretion based on the appropriate factors, its sentence will not be reversed unless it is "so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." *Ocanas v. State*, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975).

¶ 17. First, Tappa argues that the court gave too much weight to the fact that the burglaries took place

410

in a rural area. Furthermore, although the court stated that it was looking at how people in rural areas would feel, Tappa argues his sentence actually went against the wishes of the victims. Tappa also contends that when the court looked at Tappa's prior record, it failed to consider that Tappa had previously completed supervision and counseling and would likely again respond to supervision and counseling now. Tappa also argues that the court failed to look at Tappa's role in the burglaries. Tappa maintains that his role was as a follower, and he is therefore not likely to commit these crimes again.

¶ 18. We determine, however, that the court did take into account the appropriate factors in its sentencing determination. The court noted the seriousness of the offense, observing that burglaries are dangerous felonies in which both the perpetrator and the owners of the property could easily be hurt. The court then analyzed Tappa's character, commenting that Tappa was not respectful of the police. The court also characterized Tappa's prior record as "atrocious." Tappa has been convicted of multiple burglaries as well as drug charges. Finally, the court turned to the needs of society, stating that Tappa was not a good risk to the community and would continue to commit crimes. Because the trial court clearly laid out its reasoning for the sentence, analyzing each of the three primary factors, the sentence was fully within the court's discretion.

¶ 19. Finally, Tappa argues that the court erroneously exercised its discretion in giving him a sentence that exceeds the plea bargain. He points out that his co-defendants, one of whom he claims was the leader of the group, all received lighter sentences.

¶ 20. The court is not required to base its sentence determination on the sentences of other defendants. *Lechner*, 217 Wis. 2d at 427. The court is also not required to follow the terms of the plea bargain. *State v. Williams*, 2000 WI 78, ¶ 16, 236 Wis. 2d 293, 613 N.W.2d 132. The court based its sentence on the appropriate factors. In fact, the sentence is close to the initial six- to eight-year prison sentence recommended in the presentence investigation. The sentence is not so excessive as to shock public sentiment.

*By the Court.*—Judgment and order affirmed.