# COURT OF APPEALS
# DECISION
# DATED AND FILED

# April 27, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1277**

Cir. Ct. No. **2020CV295**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

CITY OF MILTON,

    PLAINTIFF-RESPONDENT,

V.

DAVID JACOB JACKSON,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Rock County: DERRICK A. GRUBB, Judge. *Affirmed*.

¶1 GRAHAM, J.[1] David Jackson appeals a circuit court judgment that adjudicated him guilty of violating a City of Milton ordinance. Jackson challenges

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version.

the judgment on the grounds that, prior to the jury trial that resulted in the judgment, Jackson's case was subject to a municipal court proceeding that did not adhere to certain statutory requirements found in WIS. STAT. § 800.035(2)(a). For the reasons discussed in this opinion, I reject Jackson's arguments and affirm.

¶2 A City of Milton police officer issued Jackson a written warning, which informed him that he was not permitted to burn refuse on his property in the City. Along with the warning, the officer gave Jackson a deadline to remove the existing burn piles on the property.

¶3 Several days later, the officer responded to a fire at the property. Jackson told the officer that one of Jackson's independent contractors had set the fire without his permission. The City issued Jackson a citation for violating CITY OF MILTON ORDINANCE § 50-33 by "burning trash, grass, garbage or other pollutants." CODE OF ORDINANCES, CITY OF MILTON, WIS. § 50-33(f) (2023).[2] The citation indicated the date and time of Jackson's initial appearance at the municipal court for the City of Milton.

¶4 Jackson attended his initial appearance in person. The municipal judge was not present; instead, a City of Milton police officer called Jackson's case and handed him an intake sheet. Jackson marked the intake sheet with a "not guilty" plea and added the following handwritten note: "object to jurisdiction appearance in person failure to follow procedure[]s under 800.035(2)(a) no judge."

---

[2] All references to the CODE OF ORDINANCES, CITY OF MILTON, WISCONSIN are to the online register last revised January 4, 2023.

2

¶5      Approximately six weeks later, the municipal court judge presided over Jackson's trial and found him guilty of violating CITY OF MILTON ORDINANCE § 50-33.  Jackson filed a notice of appeal pursuant to WIS. STAT. § 800.14 and requested a new trial in the circuit court before a six-person jury.

¶6      Jackson then filed a motion to dismiss the circuit court case.  He argued, among other things, that the municipal court's initial appearance procedure violated WIS. STAT. § 800.035(2)(a), which provides:

> (2) If a defendant appears in person, all of the following shall occur:
>
> (a)  The court shall, either orally or in writing, do all of the following:
>
> 1.  Inform the defendant of each charge and explain the range of penalties for each charge.
>
> 2.  Inform the defendant that he or she may plead guilty, not guilty, or no contest or may request a continuance.
>
> ….[3]
>
> 4.  Inform the defendant that if he or she is unable to pay the forfeiture, costs, fees, or surcharges due to poverty, he or she may request an installment payment, community service, or a stay of the judgment.
>
> 5.  Inform the defendant that he or she must notify the court in writing within 5 days of any change of his or her address during the pendency of the case.

---

[3] WISCONSIN STAT. § 800.035(2)(a)3. addresses information that is to be provided to defendants cited for violating operating-while-intoxicated-related ordinances, and does not pertain to Jackson's case.

Jackson asked the circuit court to dismiss his case because there had been "no judge at the initial appearance to take jurisdiction of the case," and because the municipal court's intake procedure did not comply with § 800.035.[4]

¶7    Following a hearing, the circuit court denied Jackson's motion to dismiss. The court determined that the municipal court's initial appearance procedure had been "sloppy" and failed to comply with some of the provisions in WIS. STAT. § 800.035(1), and that the intake form used at Jackson's initial appearance failed to provide information required by that statute. However, the circuit court also determined that those failures did not result in a loss of competency because they were not central to the statutory scheme and did not prejudice Jackson.

¶8    The case proceeded to a de novo trial in the circuit court, and the jury found Jackson guilty of violating CITY OF MILTON ORDINANCE § 50-33. The court imposed a $124 fine.

¶9    On appeal, Jackson renews his argument that his case should have been dismissed as a result of the municipal court's initial appearance procedure. I begin in the same place as the circuit court—by clarifying that the issues Jackson raises are not jurisdictional issues. The Wisconsin Constitution provides that the legislature may authorize each city to establish a municipal court, and that municipal courts "have uniform jurisdiction limited to actions and proceedings arising under ordinances of the municipality in which established." WIS. CONST.

---

[4] Jackson also argued that the case should be dismissed because the citation did not state "any essential facts" that would show that Jackson violated CITY OF MILTON ORDINANCE § 50-33. Jackson does not renew this argument on appeal, and I discuss it no further.

Art. VII § 14. WISCONSIN STAT. § 800.01(2)(a), in turn, provides that a "municipal court has jurisdiction over a defendant when … [t]he defendant is served with a citation or a summons and complaint as provided [by statute]." There is no dispute that Jackson was served with a citation for violating a City of Milton ordinance, which gave the municipal court jurisdiction to hear his case.

¶10 Jackson does not frame his argument as one about jurisdiction, but instead as an argument about competency. Competency is the ability of a court to exercise the subject matter jurisdiction vested in it by the constitution, and a court's competency "may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction in individual cases." *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶9, 273 Wis. 2d 76, 681 N.W.2d 190. Whether a court has lost competency to proceed presents a question of law that I review de novo. *Id.*, ¶7.

¶11 Here, Jackson argues that the municipal court did not have competency over his case because the municipal judge did not preside over Jackson's initial appearance, and because neither the judge nor the officer who was present for Jackson's initial appearance provided him with the mandatory information set forth in WIS. STAT. § 800.035(2). Before addressing these arguments, I emphasize that I am not reviewing the municipal court's decision, and am instead reviewing the judgment entered by the circuit court. Jackson does not directly challenge any aspect of the circuit court proceedings except its denial of his motion to dismiss which, as mentioned, was based on his argument that the municipal court lost competency to proceed with his case. The parties do not identify any law on this point but, for purposes of this appeal, I assume without

5

deciding that an issue regarding the municipal court's lack of competency could survive a trial in the circuit court that adjudicated de novo Jackson's guilt.[5]

¶12 I begin with Jackson's argument about the fact that the municipal judge was not present at Jackson's initial appearance. Jackson argues that the municipal judge is required to preside over initial appearances pursuant to WIS. STAT. § 800.035(2); that the municipal judge's delegation of authority to the police officer violated SCR 60.02(1)(b) and undermined the decorum and appearance of impartiality expected of municipal courts under WIS. STAT. § 755.17(2); and that the police officer who was present practiced law without a license contrary to SCR 23.01(2) when he selected a legal document for Jackson to fill out and provided legal advice to Jackson about filling out the form. Whether or not Jackson is correct about these alleged violations, he does not identify any law supporting his assertion that these alleged violations undermined the municipal court's competency to proceed with Jackson's case.

¶13 The crux of Jackson's competency argument turns on the fact that he appeared in person at his initial appearance, and neither the municipal judge, the police officer, nor the intake form advised Jackson of some of the items set forth in WIS. STAT. § 800.035(2). Specifically, at his initial appearance, Jackson was

---

[5] Jackson also takes issue with other aspects of the municipal court proceeding—for example, he contends that the municipal judge did not consider his motion to dismiss; that the judge indicated that she did not have a copy of the municipal ordinance in question; and that Jackson declined to testify because he believed that the City had not met its burden to prove the elements of the ordinance violation. The appellate record does not contain the record of the municipal court proceeding, but for the sake of efficiently dispensing with this appeal, I assume without deciding that Jackson has accurately described what occurred during that proceeding. However, Jackson cannot show that he was harmed by any of these alleged procedural errors because he requested and received a de novo trial in the circuit court, and he does not allege that the circuit court committed any of the procedural errors that were allegedly committed by the municipal court.

not informed of the charge and range of penalties for the charge; he was not informed of his right to request a continuance; he was not informed of his right to request an installment payment, community service, or a stay of the judgment if he could not pay the forfeiture, costs, fees, or surcharges due to poverty; and he was not informed that he must notify the court in writing of any change in address during the pendency of the appeal. *See* § 800.035(2)(a)1., 2., 4., 5.

¶14 The City argues that the municipal court's failure to follow WIS. STAT. § 800.035(2) does not result in a loss of competency because the statutory procedure is not mandatory. I do not agree with this assessment. *See State v. Kywanda F.*, 200 Wis. 2d 26, 33, 546 N.W.2d 440 (1996) ("the term 'shall' is presumed to be mandatory when it appears in a statute"). I agree with Jackson that the directives set forth in § 800.035 are mandatory, and that the municipal court should have followed the statutory procedure.

¶15 However, that does not mean that the municipal court lost competency to proceed when it failed to follow this procedure. *Id.* ("the mandatory nature of [a] statute does not necessarily mean that noncompliance requires the loss of competence"). In such situations, if the legislative purpose of the statute can be fulfilled even if the court did not strictly follow the statutory mandate, the statutory violation does not result in loss of competency. *State v. Bollig*, 222 Wis. 2d 558, 567-69, 587 N.W.2d 908 (Ct. App. 1998). In other words, the question is whether "the failure to abide by a statutory mandate is 'central to the statutory scheme' of which it is a part." *City of Eau Claire v. Booth*, 2016 WI 65, ¶21, 370 Wis. 2d 595, 882 N.W.2d 738 (citation omitted).

¶16 Jackson argues that WIS. STAT. § 800.035(2) is a "safeguard" and that it "ensures that defendants before the [m]unicipal [c]ourt know … what they

are being charged with and the range of possible penalties along with the other elements the legislature codified … that a defendant ha[s] a right to be aware of, as not to waive any right." I agree that, generally speaking, Jackson has identified the purpose of § 800.035(2). However, this purpose can be fulfilled without strict compliance with the statutory mandates if a defendant otherwise knows or learns of the information that § 800.035(2) requires defendants to be provided. Jackson has not identified any case holding that a municipal court's failure to advise a defendant of the items set forth in § 800.035(2) at the initial appearance results in the municipal court's loss of competency to proceed, nor has he shown how the legislative history or purpose of the statute would support that result. *See Kywanda F.*, 200 Wis. 2d at 34-35; *Bollig*, 222 Wis. 2d at 567-69.

¶17 Because the municipal court's failure to follow WIS. STAT. § 800.035(2) did not necessarily result in a loss of competency, the dispositive question is whether Jackson was prejudiced as a result of the error. *Kywanda F.*, 200 Wis. 2d at 37; *Bollig*, 222 Wis. 2d at 560. In its oral decision denying Jackson's motion to dismiss, the circuit court determined that Jackson was not prejudiced by the municipal court's violation of § 800.035(2) because, among other things, he was aware of the charge and the forfeiture amount, and because he has not alleged that he would have entered a different plea or done anything differently had he been properly advised of the items set forth in § 800.035(2). Jackson does not meaningfully dispute any of these determinations on appeal.

¶18 Accordingly, I conclude that the circuit court correctly denied Jackson's motion to dismiss, and I affirm the judgment entered by the circuit court.

8

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.